UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ELDIZAR AGUILAR-MARTIN,
Petitioner,
v.
TODD BLANCHE, U.S. Attorney General, et al.,
Respondents.

Case No.: 3:26-cv-03130-RBM-DDL

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Docs. 2, 3, 9]**

Before the Court is Petitioner Eldizar Aguilar-Martin's ("Petitioner") Second Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 9.) For the reasons below, the Court **GRANTS in part** the Petition (Doc. 9) and **DENIES as moot** the Motion to Appoint Counsel (Doc. 2) and TRO Motion (Doc. 3).

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection over 15 years ago. (Doc. 9 at 3; Doc. 10-1 at 2.) During his time here, Petitioner developed a lengthy rap sheet, including sustaining a conviction in 2018 for violating California Penal Code section 273.5(a), inflicting corporal injury on a spouse or cohabitant. (*See* Doc. 10-3 at 2–9.) "On April 22, 2026, Petitioner was encountered as part of a targeted operation by [immigration agents]," arrested, and issued a Notice to Appear. (Doc. 10 at 2–3.) Petitioner "has never been shown a warrant, and it appears he was arrested without one." (Doc. 9 at 10.) Petitioner's removal proceedings remain pending. (Doc. 10 at 3.)

On May 19, 2026, Petitioner, then proceeding *pro se*, filed his original petition. (Doc. 1.) The Court referred the petition to Federal Defenders of San Diego, Inc. ("FDSDI") for evaluation of whether appointment of counsel was appropriate. (Doc. 4.) On May 26, 2026, Petitioner, now represented by FDSDI, filed an amended petition. (Doc. 7.) Shortly thereafter, Petitioner filed the operative Petition. (Doc. 9.) The Court set a briefing schedule on the Petition. (Doc. 8.) Respondents filed their Return to Habeas Petition on June 2, 2026. (Doc. 10.) Petitioner filed his Traverse on June 9, 2026. (Doc. 11.) The Court then ordered the Parties to file supplemental briefs regarding the statutory authority for Petitioner's detention. (Doc. 12.) The Parties timely filed their supplemental briefs, and the Petition was fully briefed on July 8, 2026. (Docs. 13, 14.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that: (1) his warrantless arrest violated 8 U.S.C. § 1226(a); and (2) he is not subject to mandatory detention under § 1226(c) because his conviction was not for an aggravated felony or crime involving moral turpitude ("CIMT"). (Doc. 9 at 9–11; Doc. 11 at 2–4; Doc. 14 at 2–3.) Respondents initially argued that Petitioner was subject to mandatory detention under § 1226(c) because California Penal Code section 273.5 is categorically a CIMT, but in their supplemental brief concede that they "are unable to obtain Petitioner's conviction documents or documents showing a spousal relationship

with the victim." (Doc. 13. at 2.) Respondents argue, alternatively, that Petitioner is still subject to mandatory detention because § 273.5 is categorically a crime of violence and therefore an aggravated felony. (*Id.* at 2–3; Doc. 10 at 4–6.)[1] The Court finds that Petitioner is detained under § 1226(a) and is entitled to a bond hearing, but not to immediate release.

**A. Detention under Section 1226(c)**

Section 1226(c) "makes detention during removal proceedings mandatory when the [noncitizen] is 'inadmissible' or 'deportable' for specified reasons—usually because the [noncitizen] has been convicted of a qualifying criminal offense." *Durand v. Allen*, Case No.: 3:23-cv-00279-RBM-BGS, 2024 WL 711607, at *2 (S.D. Cal. Feb. 21, 2024) (citations omitted). As relevant here, a "qualifying criminal offense" is (1) a CIMT under 8 U.S.C. § 1182(a)(2), or (2) an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

**1. CIMT**

As the Court noted in its Order requiring supplemental briefing, Ninth Circuit precedent "'make[s] clear that although § 273.5(a) is *not categorically a CIMT*, it is a *divisible statute* for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT, while [a] conviction under other subsections (for example, corporal injury against a cohabitant) will not.'" (Doc. 12 at 1–2 (quoting *Cervantes v. Holder*, 772 F.3d 583, 588 (9th Cir. 2014) (emphasis added)).) Therefore, under the modified categorical approach, the Court "consider[s] whether the 'judicially

---

[1] Respondents also argue that Petitioner's claims are barred because courts lack jurisdiction "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision . . . by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." (Doc. 10 at 3 (citing 28 U.S.C. § 1252(g)).) The Court has consistently rejected this argument, *see Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025), and does so again here for the same reasons. Petitioner seeks to enforce his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

noticeable facts in the record indicate that [the noncitizen] was convicted of the elements of the generically defined crime.'" *Cervantes*, 772 F.3d at 588 (quoting *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003)). "If the record does not conclusively establish that the noncitizen was convicted of the elements of the generic offense, then she was not convicted of the offense for purposes of the immigration statutes." *Marinelarena v. Barr*, 930 F.3d 1039, 1048 (9th Cir. 2019), *vacated on other grounds by* 141 S. Ct. 1512 (2021) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 194–95 (2013)). In other words, Petitioner's record of conviction must "conclusively establish" that Petitioner was convicted of *spousal* abuse under § 273.5, as opposed to abuse of a cohabitant, for his conviction to qualify as a CIMT. *Id.*; *Vasquez Cruz v. Barr*, Case No. 19-CV-05251-LHK, 2019 WL 6327576, at *5–6 (N.D. Cal. Nov. 26, 2019) (citations omitted).

Respondents provided no judicially noticeable record of conviction establishing that Petitioner was convicted of *spousal* abuse. The Court identified this deficiency in its previous Order (*see* Doc. 12 at 2), but Respondents still "are unable to obtain Petitioner's conviction documents or documents showing a spousal relationship with the victim." (Doc. 13 at 2.) Therefore, the Court finds that Respondents have not met their burden to show that Petitioner's conviction qualifies as a CIMT.

**2. Aggravated Felony**

In their supplemental brief, Respondents also argue that Petitioner is subject to mandatory detention because § 273.5 is categorically an aggravated felony. (Doc. 13 at 2–3.) Petitioner argues that § 273.5 is no longer categorically an aggravated felony after the Ninth Circuit's decision in *United States v. Gomez*, 165 F.4th 1199, 1205 (9th Cir. 2026) (en banc). (Doc. 14 at 3.) With the benefit of the Ninth Circuit's recent decision in *United States v. Lopez*, — F.4th —, 2026 WL 2165840 (9th Cir. July 28, 2026), the Court finds that Petitioner is correct.

An aggravated felony for 8 U.S.C. § 1227(a)(2)(A)(iii) purposes is a "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

Section 16 of Title 18 defines a "crime of violence" as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

As the Ninth Circuit recently concluded, "convictions under Cal. Penal Code § 273.5 do not categorically qualify as crimes of violence," and "prior precedent holding that § 273.5 is categorically a crime of violence . . . is clearly irreconcilable with the Supreme Court's opinion" in *Borden v. United States*, 593 U.S. 420 (2021) and the Ninth Circuit's *en banc* decision in *Gomez*. *Lopez*, 2026 WL 2165840, at *1.

"When a petitioner's state statute of conviction does not define a categorical crime of violence," and where the statute is divisible, *see supra* Section III.A.1 (citing *Cervantes*, 772 F.3d at 588), the Court applies the "modified categorical approach." *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1132 (9th Cir. 2006). As with the modified categorical approach taken regarding CIMTs, here the Court must also "consider whether any of a limited, specified set of documents . . . (sometimes termed 'documents of conviction')—show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence." *Id.* (quoting *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003)). As Respondents admit, they were "unable to obtain Petitioner's conviction documents." (Doc. 13 at 2.) Therefore, they have also failed to meet their burden to show that Petitioner's conviction qualifies as an aggravated felony.

Because Petitioner's conviction is not a CIMT or an aggravated felony, the Court finds that he is not detained pursuant to § 1226(c). Therefore, and because Petitioner's removal order is not final (*see* Doc. 10 at 3), the Court finds that Petitioner is detained pursuant to the discretionary detention provisions of § 1226(a).

**B. Lack of a Warrant**

Petitioner argues that "he was not arrested subject to an administrative warrant, as required by 8 U.S.C. § 1226(a), and that the remedy for this violation [is] immediate

release." (Doc. 14 at 3–4; Doc. 9 at 8–10 (citations omitted).) Respondents do not substantively respond to this argument, stating only that "if the Court grants Petitioner relief, then the appropriate remedy should be a bond hearing held under § 1226(a)." (Doc. 13 at 3.) The Court finds that Petitioner is "entitled to an initial custody determination and, if denied release, a bond hearing before an Immigration Judge to review that initial custody determination." *Garcia De Melo v. Stamper*, No. 1:26-cv-00152-JAW, 2026 WL 925672, at *3 (D. Me. Apr. 6, 2026).

"Discretionary detention under § 1226(a) requires a warrant." *Id.* at *5 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("But [section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General.")). And "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*." *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026) (citing 8 C.F.R. § 287.3(d)). Although it is undisputed that these things did not happen in this case, Petitioner is not entitled to immediate release. As another court reasoned:

> . . . [T]he Court does not agree that this conclusion requires [the petitioner's] immediate release. Instead, the Court concludes that the 48-hour clock for Respondents to conduct an initial custody determination begins at the date and time of this order. Unlike in *Makuiza*, in which the Government initially detained the noncitizen pursuant to § 1226(a) but "neglected to" "justify[ ] its arrest decision[ ]," *id.* at *3-4, 11, in this case, Respondents do not concede [petitioner] is subject to § 1226(a) but rather maintain, consistent with controlling agency precedent, he is subject to mandatory detention under § 1225(b)(2), which does not require an initial custody determination or warrant. Moreover, to retroactively apply the Court's § 1226(a) determination in this matter would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule.
>
> Rather, in this case, given that Respondents have maintained since his arrest that [petitioner] is that subject to mandatory detention under § 1225(b)(2), the forty-eight-hour custody determination clock begins to run at the time of this

> Court's determination that [petitioner] is subject to § 1226(a). Accordingly, the Court will order Respondents to conduct an initial custody determination of [petitioner] pursuant to § 1226(a), at which point they may either release him or continue to detain him. If Respondents continue his detention, they must obtain an authorizing warrant and, [ ], later provide [petitioner] a bond hearing before an Immigration Judge.

*Garcia De Melo*, 2026 WL 925672, at *5.

The Court finds the reasoning of *Garcia De Melo* persuasive and adopts it here. The Court thus **<u>DENIES</u>** the Petition to the extent it seeks immediate release. The Court instead finds that a bond hearing is the appropriate remedy. *Accord Gonzalez-Ramos v. Mullin*, Case No.: 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026); *Lopez-Perez v. Johnson*, No. 1:26-cv-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Petition (Doc. 9) is **<u>GRANTED in part</u>**. The Petition is **<u>DENIED</u>** to the extent it seeks immediate release. The Court **<u>ORDERS</u>** that **<u>within 48 hours of the issuance of this Order</u>**, Respondents **<u>shall conduct</u>** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate.

If Petitioner is not released, and no arrest warrant has been issued, Respondents **<u>shall immediately seek</u>** an arrest warrant. If the warrant is not granted, Respondents **<u>shall release</u>** Petitioner. If the warrant is granted, the Government **<u>shall provide</u>** Petitioner with an individualized bond hearing under § 1226(a) **<u>within 14 days</u>** of the initial custody determination unless the noncitizen requests a continuance. At any such bond hearing, the noncitizen **<u>shall bear</u>** the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Respondents **<u>shall file</u>** a status report attesting to their compliance with the requirements above, including the outcome of the custody determination and, if

appropriate, the bond hearing, on or before **August 24, 2026**.

In light of the ruling herein, Petitioner's Motion to Appoint Counsel (Doc. 2) and Motion for Temporary Restraining Order (Doc. 3) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATE: July 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE